IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEAILA BURLESON, *et al.*,


      Plaintiffs,

v.                                                    No. 13-CV-138 KG/GBW

COOPER TIRE & RUBBER COMPANY,


      Defendant.

**<u>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL</u>**

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel.  *Doc. 49.* The Court held a hearing on the Motion on June 6, 2014.  *Doc. 85.*  Having considered the briefing (*docs. 162, 69*), the arguments presented at the motion hearing, and being otherwise fully advised, the Court will DENY the motion.

## I.    BACKGROUND

This action arises out of a motor vehicle accident that Plaintiffs allege was "proximately caused by the separation of the tread of the left rear tire which wrapped around the left rear axle and emergency brake cable causing the vehicle to loose [sic] control and roll approximately two and one-half times."  *Doc. 28* at ¶ 8.  The tire in question—GTS 3610—was manufactured by Defendant Cooper Tire & Rubber Company.  *Doc. 28* at ¶ 9; *doc. 62* at 2.

In their Motion, Plaintiffs move to compel Defendant to respond to Requests for Production 4 and 5 on the grounds that the documents they seek are relevant and may

lead to the discovery of admissible evidence.  At the hearing, Plaintiffs indicated that they specifically sought an *in camera* review of the disputed documents to determine if they were properly discoverable.  *Doc. 85* at 2.

## II.    STANDARD OF REVIEW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002).  "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request."  *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009).

Rule 37(a) allows a party to move to compel responses to properly propounded discovery requests.  *See* Fed. R. Civ. P. 37(a).

### III.   ANALYSIS

#### A. <u>Request for Production No. 4</u>

In their Request for Production 4, Plaintiffs ask Defendant to produce two exhibits referenced in *Toe v. Cooper Tire & Rubber Company*, a products liability case that was brought against Cooper for tire tread separation in Iowa state court.  834 N.W.2d 82 (Iowa Ct. App. 2013).  The discovery request states as follows:

> **REQUEST FOR PRODUCTION NO. 4:** Please produce or make available for *in camera* inspection Toe v Cooper (No. 3-013 / 11-1588) unredacted copies of Exhibits 36 & 502 referred in the Court of Appeals decision in Iowa (filed April 24, 2013).

Defendant Cooper argues that these documents are outside the scope of proper discovery, which should be limited to "similar products."  *Doc. 62* at 5.  According to Defendant, the requested documents involve tires substantially different from the GTS 3610 tire.  Cooper additionally challenges Plaintiffs' Motion on the basis that *Toe* Exhibits 36 and 502 are protected trade secrets.  *Doc. 62* at 7.

At the motion hearing held on June 6, 2014, Plaintiffs argued that these documents could be relevant to demonstrate Cooper's prior knowledge regarding tire tread deficiencies as to all tires it manufactured, and not just those types of tires specific to the Iowa case.  The Court agreed to conduct an *in camera* review to assess the relevancy of the documents at issue.  Defendant made no objection.

Having reviewed the documents, the Court concludes that they are not relevant or "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  First, as the Iowa Court of Appeals described, *Toe* Exhibit 36 is a January 2000 memo by the manager of passenger tire engineering for Cooper in which he recites comments by tire dealers in the southwest, including a statement that dealers had noticed "a higher incident of tread separations on Classic II" tires.  *Toe*, 834 N.W.2d, at *9.  As an initial matter, it is important to note that this memo was written more than three years before Cooper began manufacturing the GTS 3610 in 2003.  *See doc. 62* at 2. Further, the Court finds that the document includes no global statements regarding tire tread separations nor any statements about tire tread separations in tire models similar to the GTS 3610.  The Court thus concludes that *Toe* Exhibit 36 would not be admissible in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Motion to Compel production of this exhibit is therefore denied.

The Court likewise finds that *Toe* Exhibit 502, an email and chart discussing return numbers for "light truck" tires, is not reasonably likely to lead to the discovery of admissible evidence.  In their briefing and at the motion hearing, Plaintiffs argued that this exhibit may show that Cooper had considered the cost of correcting the problem of tire tread separation and ultimately declined to correct it.   The Court has reviewed the document and finds that it does not contemplate the cost of manufacturing tire changes versus the cost of litigating claims, nor does it reference any tire models similar to the GTS 3610.  Moreover, nothing in the document reflects a corporate attitude or strategy

4

with respect to making changes in tire manufacturing.  Instead, as Defendant's counsel

averred, the only costs referenced dealt with the costs of dealing with returns.  Under

these circumstances, *Toe* Exhibit 502 is not relevant to the instant case or reasonably

calculated to lead to the discovery of other admissible evidence.  Therefore, the Court

denies Plaintiffs' Motion to Compel its production.

### B.  Request for Production No. 5

Plaintiffs' Request for Production 5 provides:

> **REQUEST FOR PRODUCTION NO. 5:** Please produce unredacted
> copies or make available for *in camera* inspection internal Cooper memos,
> dated 2/23/2000 from D.E. Beach and J.P. Piper to D.R. Stevens and memo
> dated 3/13/2000 from D. Powell to J.F. Hoffman.

At the hearing, Plaintiffs stated that they had received redacted versions of these

memos and no longer had any dispute as to Request for Production 5.  The Court

therefore denies Plaintiffs' Motion to Compel Request for Production 5 as moot.

### IV.  CONCLUSION

For the forgoing reasons, the Court DENIES Plaintiffs' Motion to Compel.  *Doc. 49*.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE