IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEAILA BURLESON, GAIL RICHIE AND
WAYNE EASTTEAM, as PERSONAL
REPRESENTATIVES ofthe Estate of
SHASTA EASTTEAM, Deceased, and as
Parents and Next Friend of AARON
EASTTEAM, a Minor; JAMES AULD and,
VICKIE AULD as Personal Representatives of
the Estate of MARY GUENTHER, Deceased,
and as Joint Managing Conservators of the
Estates of ASHTON GUENTHER, BROOKE
GUENTHER, and CAMERON GUENTHER,
Minor Children,

    Plaintiffs,

vs.                                                                                                                                    Civ. No. 13-138 KG/GBW

COOPER TIRE & RUBBER COMPANY,

    Defendant.

ORDER

       This matter comes before the Court on Defendant's Motion for Entry of Order Re [*sic*] Trial Confidentiality to Preserve Trade Secrets and Proprietary Information (Defendant's Motion), filed May 1, 2014. (Doc. 58). Plaintiffs filed a response, and Defendant filed a reply. (Docs. 68, 74). On June 20, 2013, the Court entered a Protective Order of Confidentiality (Protective Order). (Doc. 21). The Protective Order defined "Confidential Information" as "records and/or things of Defendant … protected as trade secrets or confidential information pursuant to state and federal law." That definition applies to Defendant's Motion as well. Having considered Defendant's Motion and all related briefing, the Court grants Defendant's Motion.

IT IS ORDERED that:

1. Defendant's Motion (Doc. 58) is granted;

2. any party may petition the Court for limited closure or exclusion of members of the public as circumstances warrant;

3. if requested by a party, the Court shall make inquiry regarding the identity of any person in attendance during the trial; the Court also may make such inquiry on its own initiative; if a person who is not a signatory[1] to the Protective Order is present at a public session of trial, then the Court shall consider any appropriate remedy tendered by counsel including, but not limited to, requesting that the person submit to the jurisdiction of the Court and agree to maintain the confidentiality of such information and not to seek such information or disseminate it either during or following completion of the trial;

4. trial exhibits containing Confidential Information whether in evidence or marked for identification at the trial, will be maintained under seal and will not become part of the public file and will not be accessible to the public;

5. transcripts of any proceedings associated with the trial containing Confidential Information shall also be sealed and will not become part of the public file and will not be accessible to the public;  said exhibits and transcripts may be obtained only by counsel of record in this case or as otherwise ordered by the Court; counsel for the party contending that an exhibit or transcript contains Confidential Information shall have a reasonable time following completion of the trial and preparation of transcripts to review the record and designate those exhibits or transcripts that should continue under seal; any objection to the designations shall be

---

[1] Dick A. Blenden, Mark Stout, and Carl Barry Crutchfield, counsel for Plaintiffs, and Eric R. Burris and Steven D. Jansma, counsel for Defendant, signed the Protective Order.

made within a reasonable time and the exhibits and transcripts shall remain under seal pending a decision by the Court; and

      6. within thirty (30) days of the final termination of this action, counsel of record for each party shall assemble and return to counsel of record for Defendant all Confidential Information produced, including all copies, notes, summaries, renderings, photographs, recordings, floppy disks, and reproductions of every kind of such confidential material.

                                                       _____
                                                       UNITED STATES DISTRICT JUDGE