IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEAILA BURLESON, *et al.*,

    Plaintiffs,

v.                                                                                              Case No. 13-cv-138 KG/GBW

COOPER TIRE & RUBBER COMPANY,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement on Behalf of Minors. *Doc. 104.*

Court approval is necessary for the settlement of claims by minor children. *Garcia v. Middle Rio Grande Conservancy Dist.*, 664 P.2d 1000, 1006 (N.M. Ct. App. 1983), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 838 P.2d 971 (N.M. 1992) ("[The Court] has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself."). On February 26, 2015, the Court held a telephonic hearing with the parties and the Court-appointed guardian *ad litem*, Mike Stone, in order to determine the fairness of the proposed settlement. *Doc. 111.* At the hearing, the parties, through their attorneys, requested the Court's approval of the settlement with respect to the minor children Ashton Guenther, Brooke Guenther, Cameron Guenther, and Aaron Eastteam.

The Court has considered the Joint Motion to Approve Settlement, Mr. Stone's guardian *ad litem* report, and the relevant law. Being fully advised, the Court finds as follows:

### **Findings**

1. This case arises out of a motor vehicle accident that occurred on August 6, 2011, on New Mexico State Highway 132 in Lea County, New Mexico. *Doc. 28* at 3. Plaintiffs allege that the accident—which claimed the lives of Shasta Eastteam and Mary Guenther, and caused Leaila Burleson to sustain serious injuries—was proximately caused by the separation of the tread from the left rear tire of the car. *Id.* at 3-5. Plaintiffs claim that the tire at issue was "manufactured, designed, sold and/or supplied by the Defendant." *Id.* at 3.

2. Shasta Eastteam is survived by her son, Aaron Eastteam. *Doc. 108* at 2. Mary Guenther is survived by her daughters Ashton Guenther, Brooke Guenther, and Cameron Guenther. The children are all under eighteen years of age. *Id.* at 2.

3. On February 10, 2015, the Court appointed Mike Stone, Esq., as guardian *ad litem* (GAL) for the four minor children, as is the practice in this district when a minor is a party to a settlement agreement and the minor child's claims are being dismissed with prejudice. *Doc. 107.* Mr. Stone was appointed GAL as an "arm of the court," pursuant to *Collins v. Tabet*, 806 P.2d 40 (N.M. 1991). *Doc. 107* at 3.

4. As reflected in his report, Mr. Stone's investigation of this case included a review of numerous documents and materials related to the case. *See generally doc. 108.* He also personally met with the minor children and their guardians.

5. For the reasons described more fully in his report, Mr. Stone opined that the settlement is fair and reasonable as to the minor children, and is in their best interests. He also noted the defenses that he believed Defendant could have raised in this case, including significant issues regarding fault and causation. In light of his investigation, he recommended that the Court approve the settlement.

6. During the hearing held on February 26, 2015, Mr. Stone adopted the filed GAL report as his sworn testimony. *Doc. 111* at 2. Mr. Stone stated his background and qualifications and described the investigation he performed as GAL. He testified that he personally met with James and Vickie Auld, the maternal grandparents of Ashton, Brooke, and Cameron Guenther, in their home in Midland, Texas. Mr. Stone also met with the three sisters at that time. Additionally, he personally visited with Aaron Eastteam; Aaron's maternal grandfather, Wayne Eastteam; and Wayne's partner, Gail Richie. Mr. Stone testified that the minor children all appeared well-suited and at home in their living situations. *Doc. 111* at 2-3.

7. In response to the Court's questioning, Mr. Stone stated that he believed the proposed settlement in this case to be fair and reasonable and in the best interests of the minor children. *Doc. 111* at 2.

8. The Court agrees with Mr. Stone's opinion that the settlement is fair and reasonable and in the children's best interests, and that the distribution plan is in the best interests of the children.  *Doc. 111* at 3.  Accordingly, the Court recommends that the Joint Motion to Approve Settlement on Behalf of Minors (*doc. 104*) be granted.

9. Counsel confirmed that Defendant had agreed to pay $2,500 of the GAL's expenses, with the remainder to be paid by Plaintiffs.  *Doc. 111* at 3.  Mr. Stone informed the Court that the expenses would most likely total less than $2,500.  *Id.*  The amount of the GAL's fees and expenses will not be deducted from the children's portion of the settlement amount.

10. At the hearing, the parties waived the 14-day period within which to file objections to this PFRD.  *Doc. 111* at 3.

## Conclusions of Law

The Court concludes that it has jurisdiction over the parties and the subject matter, and further concludes that the settlement of the minor children's claims in this case is both fair and reasonable and in their best interests.  Therefore, the Court recommends that the parties' Joint Motion to Approve Settlement on Behalf of Minors (*doc. 104*) be GRANTED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE